IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOSEPH RAUCH, #2136547 | § | |
| | § | |
| v. | § | Civil Action Nos. 4:19cv223, 4:19cv224 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OF DISMISSAL

The above-entitled and numbered civil actions were referred to United States Magistrate Judge Kimberly C. Priest Johnson. The Report and Recommendation of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such actions, has been presented for consideration. The Magistrate Judge recommended the petitions for writ of habeas corpus be dismissed with prejudice as time-barred. Petitioner filed objections.

Petitioner first states that a court should be cautious not to apply the statute of limitations too harshly, citing to *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999). However, the Fifth Circuit in *Fisher* also noted that "the Supreme Court has expressed deference to the rules that Congress fashioned concerning habeas." *Id.* (citation omitted). "This purpose manifests itself in the one-year statute of limitations, which will speed up the habeas process considerably." *Id.* Petitioner failed to timely file the instant petition, and is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Petitioner bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000). Petitioner has provided no specific

facts to show that he is entitled to equitable tolling. His claim is conclusory, which is insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d. 285, 287-288 (5th Cir., 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982)*; Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Because Petitioner has not met his burden, he is not entitled to equitable tolling.

Petitioner next objects, arguing that federal agents violated his fourth amendment rights by illegally intruding into his home. However, because the instant petition is time-barred, the Court will not reach the merits of this claim, in the absence of adequate tolling. *See Cantu-Tzin v. Johnson*, 162 F.3d 295, 297-99 (5th Cir. 1998).

In his third objection, Petitioner contends that he received ineffective assistance of counsel because his trial attorney failed to move to suppress the evidence obtained from the search of his home. He argues that professional misconduct may amount to egregious circumstances, and that he can show cause and prejudice by demonstrating ineffective assistance of counsel. He cites to *Gentry v. Sevier,* 597 F.3d 838, 851-52 (7th Cir. 2010). The *Gentry* decision, however, was analyzed under the ineffective assistance of counsel standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984) (petitioner entitled to relief only if he shows that his attorney's performance fell below an objective standard of reasonableness, and  he suffered prejudice as a result).  In the instant petition, the issue is whether Petitioner is entitled to equitable tolling. "Ineffective-assistance-of-trial-counsel claims generally do not present the type of extraordinary circumstances required for equitable tolling." *Rodriguez v. Stephens,* EP-15-CV-80-KC, 2015 WL 5824892, at *4 (W.D. Tex. Oct. 5, 2015). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Grooms v. Johnson*, 208 F.3d 488, 489–90 (5th Cir.1999) (*citing Coleman v. Johnson*, 184 F.3d 398,

402 (5th Cir.1999)). As noted above, Petitioner has not met his burden and shown that he is entitled to equitable tolling.

Petitioner has not shown that he was actively mislead by the State, or that he was prevented is some extraordinary way from asserting his rights. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case. In sum, Petitioner fails to provide a valid basis for his objections, or demonstrate how the Magistrate Judge's Report is incorrect. After reviewing the Report and Recommendation and conducting a *de novo* review of Petitioner's objections, the Court concludes the findings and conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** the petitions for writ of habeas corpus are **DENIED**, and the cases are **DISMISSED** with prejudice. Certificates of appealability are **DENIED**. It is further **ORDERED** all motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED this 14th day of August, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE